## In re W. S. JENNINGS & CO.

(District Court, N. D., Georgia, W. D. January 7, 1909.)

BANKRUPTCY (§ 400*)—CLAIM OF EXEMPTION—TIME FOR MAKING.

Where an exemption is sought by a bankrupt out of partnership property, the right to which under the state law is doubtful, the applicant must at least comply strictly with the law and make the application seasonably and in conformity with the rules and practice in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

In Bankruptcy. On review of referee's decision disallowing claim of exemption.

James G. Parks, for applicant.
Bowden & Goldstein, for trustee.

NEWMAN, District Judge. There having been no claim of exemption made in the schedules filed by the above bankrupt partnership, after the first dividend had been declared and paid to creditors, the wife of one of the members of the bankrupt firm, Mrs. W. S. Jennings, made application to the referee for leave to amend the schedules by claiming an exemption of $1,600 for the family under the Georgia Constitution and laws. The estate of the bankrupt firm had all been reduced to cash, and there was less than $1,600 in the hands of the trustee in bankruptcy at the time the application was made. Subsequently Mrs. Jennings amended her application and asked that $300, the amount of what is called the "statutory homestead" in Georgia, be allowed her, and that the same be invested in household, kitchen furniture, and provisions, a schedule of the same to be filed with the trustee as soon as such investment was made.

This court, in Re Camp (D. C.) 91 Fed. 745, followed doubtfully the decisions of the Supreme Court of the state holding a partner entitled to an exemption out of partnership assets. There is a full discussion of the matter in the Camp Case, and it need not be repeated here. Certainly, in view of what was there stated, and also in view of the opinion now entertained, the right of a partner, even when application is made at the proper time and in the proper way, for a homestead exemption out of partnership assets, should be strictly construed as against such application.

In this case the referee finds various informalities in the application made by Mrs. Jennings to amend the schedules and to have the allowance of the exemption made, but finds finally that the application was made too late, and that to grant it would work injustice to a number of creditors who had proven their claims after the first dividend

---

had been allowed and paid, and that to allow the exemption would defeat their right to be placed upon an equality as to payments of dividends with the other creditors who had already received the dividend. I think the referee found correctly. Where an exemption is desired in a bankruptcy case out of partnership assets, the applicant should at least conform strictly with the law and make the application seasonably and in conformity with the rules and practice in bankruptcy.

The action of the referee is approved.