In re McCRARY BROS.

(District Court, S. D. Alabama. April 7, 1909.)

No. 659.

1. BANKRUPTCY (§ 228*)—REFEREES—REVIEW OF PROCEEDINGS BY JUDGE.
   The weight to be given to a finding by a referee in bankruptcy, on review by the judge, depends on the character of the evidence; it being entitled to less weight, if a deduction from established facts, than if based on conflicting evidence.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

2. COURTS (§ 366*) — BANKRUPTCY COURTS — CLAIM AND ALLOWANCE OF EXEMPTIONS—STATE LAWS AS RULES OF DECISION.
   The bankruptcy court has exclusive jurisdiction to determine all claims of the bankrupt to exemptions, but will follow the state statutes as interpreted by the highest court of the state.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 366.*
   State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. BANKRUPTCY (§ 397*)—HOMESTEAD EXEMPTION—PARTNERSHIP PROPERTY.
   Under Code Ala. 1907, § 4166, which provides that "no property, real or personal, held or owned by partners as partnership property, or purchased with partnership funds for partnership purposes, shall be subject of homestead or other exemption as against copartners or partnership creditors," bankrupt partners are not entitled to homesteads from real estate bought with partnership funds and conveyed to the partners jointly, and thereafter used in part as a partnership store and in part as a dwelling by one of the partners, where no claim of homestead was made prior to the bankruptcy, nor in the voluntary petition in bankruptcy filed by them, and in the absence of any evidence to rebut the presumption that the property was bought and held for partnership purposes.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

In Bankruptcy. On petition for rehearing by the bankrupt.

F. G. Bromberg, for petitioner.
Fitts & Leigh, for creditors.

TOULMIN, District Judge. It is true, as contended by counsel for the petitioner, that the weight to be given by the judge on a review of the finding of a referee depends upon the character of the finding. As said by Judge Lurton, in Ohio Valley Bank Co. v. Mack (C. C. A.) 163 Fed. 155:

"If it be a deduction from established facts, the finding would not carry any great weight; for the judge, having the same facts, may as well draw inferences or deduce a conclusion as the referee."

That able judge also said, in the same case:

"No arbitrary rule can be laid down for determining the weight which should be attached to a finding of fact by a bankruptcy referee." 163 Fed. 155.

It is also true that there is no conflicting evidence in this case. The only testimony in the case is that of the bankrupts themselves. It establishes certain facts as far as it goes. The question is: Does it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

establish such facts, or sufficient facts to entitle the petitioner to a homestead exemption in the property involved in this controversy?

The counsel states that:

"The bankrupts themselves distinctly testified to the fact that these premises had been occupied by them, with their wives and children, as homesteads, since January, 1905."

I think the counsel greatly misapprehends the testimony. I find no testimony of Felix L. McCrary to that effect, or on that subject. Wilson T. McCrary testified that:

He "had lived on the land claimed as exempt as a homestead, with his family, since January, 1905, and that he was a married man, with wife and children."

The evidence was that Felix L. McCrary at first stayed at the corner of Spring Hill avenue and Ann street, and afterwards moved to Prichard. There was no evidence that Felix L. McCrary ever occupied said property, except as a store kept by the firm of McCrary Bros., of which firm he was a member. The evidence, further, was that neither of the bankrupts claimed a homestead exemption at the time of filing their schedules in bankruptcy, and had made no such claim until the 21st November, 1908, some 10 or 11 days after their petition and schedules were filed in the bankruptcy court, and that they had recorded no such claim in the probate court prior to that time.

The bankruptcy court has exclusive jurisdiction to determine all claims of the bankrupt to exemptions. McGahan v. Anderson, 7 Am. Bankr. Rep. 641, 113 Fed. 115, 51 C. C. A. 92; Powers Dry Goods Co. v. Nelson, 7 Am. Bankr. Rep. 506, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770. In determining what exemptions a person is entitled to, the United States court will follow the rule as laid down by the state statutes and as interpreted by the Supreme Court of the state. In re Camp (D. C.) 1 Am. Bankr. Rep. 165, 91 Fed. 745. The statute of this state provides that:

"No property, real or personal, held or owned by partners as partnership property, or purchased with partnership funds for partnership purposes, shall be subject of homestead or other exemption, as against copartners or partnership creditors." Code Ala. 1907, § 4166.

The evidence was that the bankrupt, as partners, were carrying on a mercantile business under a lease on the property now claimed as exempt by Wilson T. McCrary; that while so occupying the property they purchased it, paying for it with partnership funds and other partnership assets; and that they continued to occupy the property as a partnership store. Said Wilson T. McCrary at the same time lived on the land with his family from January, 1905. The deed of conveyance was made to said Wilson T. McCrary and Felix L. McCrary jointly; each owning an undivided half interest in the property. It was subsequently occupied and used in part as a store, carried on by said joint owners under the partnership name of McCrary Bros. Wilson T. McCrary also occupied a part of the property as a dwelling for himself and family. If it was his individual property, the fact that he used a part of it as a store would not deprive

him of his right to claim it as a homestead, and to have it exempt to him as such. But the property was purchased with partnership funds so far as the same has been paid for. It is owned and held by Felix L. and Wilson T. McCrary, who are partners carrying on business as such on a part of it. There is no evidence that said Felix, an undivided half owner of the property and a partner, has ever consented to the exemption claimed by said Wilson. Moreover, no such claim was made by filing the same in the probate court prior to the filing of the petition in bankruptcy, and none was made in the petition in bankruptcy. In re Stevenson (D. C.) 2 Am. Bankr. Rep. 231, 93 Fed. 789; In re Grimes (D. C.) 2 Am. Bankr. Rep. 160, 96 Fed. 529.

It has been held that, when an application is made at a proper time and in the proper way for a homestead exemption out of partnership property, it should be strictly construed as against such application. In re Jennings & Co. (D. C.) 166 Fed. 639; In re Camp (D. C.) 91 Fed. 745. Now the property in controversy was purchased with partnership funds and was owned by partners, and the question is: Was it purchased for partnership purposes, or was it owned or held as partnership property? In view of the evidence, direct and circumstantial, and drawing all reasonable and just inferences therefrom, it cannot, in my opinion, be said that the referee erred in his conclusions and that there has been a miscarriage of justice therein.

Not being satisfied there was error in the finding of the referee, I affirmed his decree; and, seeing no reason now to change my opinion, the petition for a rehearing is denied.