CAMPBELL-THORPE GROCER COMPANY *v.* WATKINS.

Opinion delivered September 30, 1918.

JUDGMENT—CONCLUSIVENESS OF ORDER SETTING APART EXEMP-
TIONS.—An order of the bankruptcy court setting aside personal
property in this State as exempt to a bankrupt residing in another
State under the laws of that State is *res judicata* in the courts of this
State as to all creditors properly notified of the bankruptcy proceed-
ing.

Appeal from Lawrence Circuit Court, Western Dis-
trict; *Dene H. Coleman,* Judge; affirmed.

*John H. Caldwell,* for appellant.

1.   The statement of facts was all the evidence before
the court and it was error to go beyond the record and
consider any pleading or contention not raised by the
complaint.

2.   The court erred in refusing appellant judgment
for its debt although the attachment was wrongfully sued
out.

3.   Appellee was a non-resident and entitled to no
exemptions in this State.  190 U. S. 294-9, 104 Ark. 234-5;
1. Loveland on Bankruptcy, § § 428, 890; 196 U. S. 149.

SMITH, J.   This action was tried in the court below
on an agreed statement of facts consisting of twelve para-
graphs, but we recite here only such facts as we regard
essential to a decision of the case, and they are as fol-
lows:  Watkins was a resident of Missouri, but owned a
mercantile business at Smithville, in this State, and on
October 13, 1916, filed a voluntary petition in the bank-
ruptcy court for the Southern Division of the Western
District of Missouri, which was the district of his resi-
dence, and accompanying his petition was a schedule of
his Arkansas stock of goods, which he claimed as exempt
from the claims of his creditors.  The appellant company
was one of his creditors.

It was agreed ''Seventh: That a trustee was
elected and as such filed an itemized list of these goods
in question as property exempt to defendant with the
Federal referee and that creditor plaintiff filed objec-

tions to said property being held exempt to defendant, but contended that said property was not exempt to defendant, but was within the jurisdiction of said bankrupt court, and thus being within its jurisdiction should be sold and the proceeds thereof distributed for the benefit of defendant's creditors. Agreed further that upon final hearing of the issues raised on this point the Federal referee held that defendant's goods herein attached were exempt, and therefore not subject to that court's jurisdiction, so as to be sold and distributed to creditors and overruled plaintiff's objection thereto, and issued an order delivering said goods herein attached to this defendant.''

It was also further agreed: ''Twelfth: That all these points were raised, submitted to, considered, decided and passed upon by the bankrupt court at Springfield, Missouri, on the 8th day of February, 1917, at which time and place the said bankrupt court held that the goods attached herein were exempt to defendant and overruled plaintiff's objections and that said goods were accordingly delivered to defendant as exempt goods in said court.''

Thereafter, on February 12, 1917, appellant instituted this suit in the Lawrence Circuit Court—the county in which the stock of goods was situated—and caused the same to be attached. On the final submission of this cause in the court below, it was ordered that ''the attachment herein should be dissolved for the reason that the stock of goods attached herein had, at the time of the issuance of the said attachment, been adjudged as exemptions belonging to defendant, Joe B. Watkins, in the bankruptcy proceeding in the Federal Court of the State of Missouri as shown by said agreed statement of facts, to which said bankruptcy proceeding in Federal Court plaintiff was a party, present and protesting against the allowance of said exemptions.'' This appeal questions that order, and counsel for appellant call attention to the fact that the agreed statement of facts does not recite that Watkins has received his discharge in bankruptcy. The record is silent in this respect, but it does disclose the

fact that the bankruptcy court allowed appellee's claim of exemptions to the goods here attached.

Appellee's exemptions were governed, of course, by the laws of the State of Missouri, but no contention is made that the stock of goods could not have been claimed as exempt under the laws of that State. At any rate, the right to claim the exemptions allowed has been passed upon by the bankruptcy court, and the decision of that court is not reviewable by us. In 1 Remington on Bankruptcy, Sec. 1086, it is said:

"The order of the bankruptcy court setting aside, or approving the report of the trustee setting aside property as exempt is *res judicata* in the State courts as elsewhere as to all creditors properly notified of the bankruptcy."

See, also section 373 and section 428 of Loveland on Bankruptcy; *Evans* v. *Rounsaville,* 8 Am. Bankruptcy Reports 236; *In re McCrary Bros.,* 169 Fed. 485.

The judgment of the court below is affirmed.