W. C. SAMPLE v. LEM JACKSON AND H. P. WILLIAMS, CONSTABLE OF
ELIZABETH CITY TOWNSHIP, PASQUOTANK COUNTY, NORTH
CAROLINA.

(Filed 19 September, 1945.)

**1. Bankruptcy § 7½: Homestead and Personal Property Exemption § 9—**

Exempt property is expressly excepted from the operation of the Federal
Bankruptcy Act, and the trustee must set apart and allot to the bankrupt
such exemptions as are allowed by the State law. When there is no
trustee this may be done by the court itself.

**2. Bankruptcy §§ 4, 7½—**

It is generally held that the provision of the Bankruptcy Act, making
void a judgment obtained against bankrupt within four months of ad-
judication, does not avoid liens as against all the world, but only as against
the trustee, and those claiming under him. The lien is not avoided for
the benefit of the bankrupt save as to his exempt property.

**3. Homestead and Personal Property Exemptions § 1—**

Homestead exemptions are granted by and subject to State law. With
us the homestead is not an estate in land. It is a mere exemption from
sale under execution or like process, which relates only to the remedy.

**4. Same: Judgments § 21—**

A judgment is a lien on the land in which the homestead is allotted but
collection by sale under execution or other process is prohibited during
the life of the exemption.

**5. Bankruptcy § 7½—**

A bankrupt may assert the invalidity of a lien created within four
months of bankruptcy by attachment or like process, the enforcement of
which would defeat the exemption.

**6. Bankruptcy §§ 7, 7½—**

Where a bankruptcy court adjudges no assets available for unsecured
creditors, declines to administer the property as too burdensome, assigning
all realty to bankrupt as his homestead, creditors abandon any claim
thereto, title to the land, subject to the homestead exemption and existing
liens, reverts to the bankrupt, and the lien of a judgment within four
months is not discharged.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at June Term,
1945, of PASQUOTANK. No error.

Civil action to restrain levy and sale under execution.

On 20 June, 1932, judgments were rendered in favor of the defendant
Jackson and against the plaintiff in two actions pending in the Pasquo-
tank Superior Court. One was for $300, interest and costs, and the
other for $1,000, interest and costs. The judgments were duly docketed
in Pasquotank County.

On 19 October, 1932, within four months after the docketing of said judgments, plaintiff filed a voluntary petition in bankruptcy and was duly adjudged bankrupt. The bankruptcy proceeding was adjudged a "no assets" case. The real property (110 acres in Pasquotank County) owned by plaintiff and described in the complaint was set apart to him as his homestead, subject to existing liens, and plaintiff was discharged. No trustee was appointed.

Defendant Jackson, about 1 January, 1944, procured the issuance of execution on said judgments and defendant Williams as constable levied upon and proceeded to advertise said land for sale under execution. Plaintiff instituted this action and obtained a temporary restraining order.

Plaintiff pleads the invalidity of the judgments rendered within four months of bankruptcy proceeding. The defendant alleges in defense fraud in the contract upon which the judgments were rendered and no notice of bankruptcy.

When the cause came on for hearing issues were submitted to and answered by the jury in favor of defendant.

Thereupon the court perpetually restrained any further proceeding under the judgment for $300 and further decreed "that the said defendant, Lem Jackson, be likewise restrained and enjoined from causing the land described in the complaint to be levied upon and sold under execution issued upon that certain judgment for $1,000, entered and docketed in favor of the defendant, Lem Jackson, and against the plaintiff on June 20, 1932, and referred to in the complaint, until the expiration of the Homestead allotted to the plaintiff in said lands in the course of the bankruptcy proceeding aforesaid or until a Homestead is re-allotted under a new execution or as provided by law."

The quoted provision is substantially in the language of a judgment tendered by plaintiff.

Plaintiff excepted and appealed.

*J. B. McMullan and J. W. Jennette for plaintiff, appellant.*
*M. B. Simpson and Robert B. Lowry for defendants, appellees.*

BARNHILL, J. Whether the personal liability of plaintiff on the judgments described in the pleadings was discharged by the bankruptcy was not adjudicated in the court below. The court held only that the judgment lien is not enforceable during the existence of the homestead but is enforceable against the homestead land after the expiration of the exemption. The correctness of this ruling is the crucial question presented on this appeal.

The purpose of bankruptcy legislation is to effect an equitable distribution of the bankrupt's property among his creditors and discharge the debtor from his obligations.

Exempt property is expressly excepted from the operation of the Act, 11 U. S. C. A., sec. 110, and the trustee must set apart and allot to the bankrupt such exemptions as are allowed by the State law. 11 U. S. C. A., sec. 75 (a). When·there is no trustee, this may be done by the court itself. *Smalley v. Laugenour,* 196 U. S., 93, 49 L. Ed., 400.

Except as expressly stated in the Act the bankruptcy statute does not serve to discharge liens upon the property of bankrupt. It does provide that "all . . . judgments . . . obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, . . . shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the . . . judgment . . . shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt." 11 U. S. C. A., sec. 107 (f).

While there is some conflict of State authority, it is generally held. that this section does not avoid liens as against all the world, but only as against the trustee, and those claiming under him. 6 Am. Jur., 698; 8 C. J. S., 910. The lien is not avoided for the benefit of the bankrupt save as to his exempt property. This view has been approved and adopted by the Supreme Court of the United States. *Fischer v. Gas Co.,* 309 U. S., 294, 84 L. Ed., 764. See also *Connell v. Walker,* 291 U. S., 1, 78 L. Ed., 613; *Credit Co. v. Miller,* 9 Am. Bankr. Rep. (NS), 728.

Homestead exemptions are granted by and subject to State law. With us the homestead is not an estate in land. It is a mere exemption from sale under execution or like process. Art. X, sec. 2, N. C. Const.; *Caudle v. Morris,* 160 N. C., 168, 76 S. E., 17; *Sash Co. v. Parker,* 153 N. C., 130, 69 S. E., 1.

A judgment is a lien on the land in which the homestead is allotted but collection by sale under execution or other process is prohibited during the life of the exemption. G. S., 1-369; *Rankin v. Shaw,* 94 N. C., 405; *Jones v. Britton,* 102 N. C., 166; *Hardware Co. v. Jones,* 222 N. C., 530, 23 S. E. (2d), 883. The exemption relates only to the remedy. *Goodwin v. Claytor,* 137 N. C., 225; *Sexton v. Ins. Co.,* 132 N. C., 1.

It may be conceded that the bankrupt may assert the invalidity of a lien created within four months of bankruptcy by attachment or like process, the enforcement of which would serve to defeat the exemption. *Fischer v. Gas Co., supra.* But with us a judgment is not a lien on the homestead. It is a lien only on the land burdened by the exemption. Hence defendant's judgment is not a lien on the debtor's homestead to be avoided at the instance of the bankrupt.

Here the bankruptcy court adjudged no assets available for unsecured creditors and declined to administer the property as being too burdensome. Creditors abandoned any claim thereto. Plaintiff's homestead was allotted in the whole tract of land owned by him and title to the land, subject to the homestead exemption and existing liens, reverted to him. The lien of defendant's judgment was not discharged. It continues in full force and effect and may be enforced upon termination of the homestead exemption. His rights in this respect were fully protected by the judgment below.

In view of the disposition we have made of this appeal, the other questions discussed in the briefs are immaterial.

No error.