**In re James Lee McALISTER and Katherine McAlister, fdba McAlister Construction Company, Debtors.**

**Bankruptcy No. 684–07441.**

United States Bankruptcy Court,
D. Oregon.

Dec. 30, 1985.

Jeffrey D. Herman, Springfield, Or., for debtor.

Thomas Huntsberger, Springfield, Or., Trustee, in No. 684–07441.

MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the trustee's objection to the debtor, Kath-

erine McAlister's claim of exemption to life insurance proceeds that have been paid as a result of the death of co-debtor, James Lee McAlister. This court concludes that, the trustee's objection should be sustained and the exemption disallowed.

On April 4, 1984, James Lee McAlister and Katherine McAlister, husband and wife, filed a joint voluntary petition for relief under Chapter 7 of 11 U.S.C. (the Bankruptcy Code). James Lee McAlister died on or about May 26, 1984. The debtor, Katherine McAlister (debtor) amended the schedules in this case in July, 1984 to list, in schedule B–2, a life insurance policy upon the life of James Lee McAlister, having a cash surrender value of Two Thousand Seven Hundred Forty-nine Dollars Fifty-three Cents ($2,749.53). Debtor was shown as the sole beneficiary. It was noted that James Lee McAlister was deceased and the scheduled value of the policy was shown at Ten Thousand Dollars ($10,000). Debtor also amended schedule B–4, at that time, to claim as exempt, the life insurance proceeds payable to debtor, as beneficiary, in the amount of Ten Thousand Dollars ($10,000), relying upon ORS 743.099. Subsequently, the trustee, Thomas Huntsberger, objected to this claim of exemption. The sum of Nine Thousand Seven Hundred Seventy-seven Dollars Ninety-three Cents ($9,777.93) has been paid by the insurer on account of the policy. This money is being held on deposit at Pacific First Federal Bank pending the resolution of this matter.

The debtor advances three (3) theories to support her position. First, she argues that this court has no jurisdiction over the life insurance proceeds as they are not part of her bankruptcy estate. Second, in the alternative, she argues that the proceeds paid as a result of the death of her husband are exempt pursuant to ORS 743.-099(1). Finally, the debtor argues that most of the creditors scheduled in this bankruptcy were only creditors of her deceased husband. They should not be allowed to claim the insurance proceeds through the vehicle of her bankruptcy estate.

The trustee maintains that this court does have jurisdiction over the proceeds of the insurance policy as they are included within the debtor's estate pursuant to the terms of 11 U.S.C. 541. In addition, he maintains that the provisions of ORS 743.-099(1) do not exempt the proceeds of a life insurance policy from the beneficiary's creditors, thus, the proceeds are not exempt in the debtor's estate.

The debtor argues that this court has no jurisdiction over the life insurance proceeds paid as a result of the death of James Lee McAlister and that they are not part of the estate pursuant to the provisions of ORS 743.099(3). In addition, debtor relies upon *Bush v. Shepherd*, 186 Or. 105, 205 P.2d 842 (1949), *Jansen v. Tyler*, 151 Or. 268, 47 P.2d 969, 49 P.2d 372 (1935) and *Milwaukie Construction Co. v. Glens Falls Insurance Co.*, 389 F.2d 364 (9th Cir.1968). ORS 743.099(3) provides as follows:

(3) A policy of life insurance payable to a beneficiary other than the estate of the insured, having by its terms a cash surrender value available to the insured, is exempt from execution issued from any court in this state and in the event of bankruptcy of such insured is exempt from all demands in legal proceeding under such bankruptcy.

The debtor relies upon that portion of the statute providing that the policy and the cash surrender value are "... in the event of bankruptcy of such insured ... exempt from all demands in legal proceeding under such bankruptcy."

The cases relied upon by debtor do not have facts similar to the case at bar. In addition, all of these cases were decided before the enactment of the Bankruptcy Reform Act of 1978 (the Bankruptcy Code) and 11 U.S.C. 541 contained therein. Property of the estate is broadly defined in 11 U.S.C. 541(a) to include all legal or equitable interests of the debtor in property as of the commencement of the case and, in addition:

(5) An interest in the property that would have been property of the estate if such interest had been an interest of the

debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date— ...

(C) as beneficiary of a life insurance policy or of a death benefit plan ...

Here, it is clear that the debtor has acquired her interest in the proceeds of the life insurance policy, paid by reason of the death of James Lee McAlister, as the beneficiary under such policy. It is also clear that the debtor has acquired such interest within 180 days after the filing of her petition herein. Cases decided under the Bankruptcy Code have held that even exempt property must initially be regarded as property of the estate and then claimed and distributed as exempt. *DeNeen v. Hendricks, (In re Hendricks)*, 11 B.R. 48 (Bankr.W.D.Mo 1981).

ORS 743.099(3) provides an exemption for the cash surrender value of life insurance and for the life insurance policy itself in the event of bankruptcy of "such insured". The cash surrender value of the life insurance policy is not in issue in this case. Accordingly, the proceeds paid on the life insurance policy, insuring the life of James Lee McAlister, must be considered to be property of the debtor's estate under 11 U.S.C. 541(a)(5)(C).

ORS 743.099(1) provides as follows:

(1) When a policy of insurance is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest in the life insured, the lawful beneficiary thereof, other than himself or his legal representative, is entitled to its proceeds against the creditors or representatives of the person effecting the policy.

By its plain wording, the statute provides that a beneficiary is entitled to receive the proceeds of a life insurance policy as "... against the creditors or representatives of the person effecting the policy." There is nothing in the statute that would exempt the proceeds from the claims of the beneficiary's creditors. Nevertheless, the debtor argues that this court should give a liberal construction to the statute and interpret the statute as providing such an exemption.

■ This court is bound to give effect to the plain meaning of the statute. *Satterfield v. Satterfield*, 292 Or 780, 643 P2d 336 (1982). In *In re Howard*, 6 B.R. 220 (Bankr.S.D.Ohio 1980). The court construed an Ohio statute providing that any life insurance policy or endowment policy upon the life of any person, for the benefit of a spouse, child or dependent relative is held ...

... together with the proceeds or avails of such contracts ... free from all claims of the creditors of such insured person or annuitant ... 6 Bankr. at 222

The court concluded that the death benefits are included in the estate of the beneficiary under 11 U.S.C. 541(a)(5)(C). In addition, the court held that the policy and its proceeds were not exempt in the debtor-beneficiary's estate. Accordingly, the life insurance proceeds, paid by reason of the death of James Lee McAlister, to his beneficiary, the debtor, are not exempt in her estate.

■ At the hearing on the trustee's objection to the debtor's claim of exemption, debtor's counsel argued that only the debt to the Oregon Department of Veterans' Affairs was a debt involving the liability of debtor. The remaining debts were all obligations upon which the debtor, James Lee McAlister, had been solely liable. The debtor had joined in the bankruptcy filing as a precautionary measure. 11 U.S.C. 302(b) provides that:

After the commencement of a joint case the court shall determine the extent, if any, to which the debtor's estates shall be consolidated.

Thus, although a joint petition by a debtor and such debtor's spouse is permitted under 11 U.S.C. 302(a) for ease of administration, the estates of each spouse are, in legal effect, separate or several. *In re Howard*, 6 B.R. 220 (Bankr.S.D.Ohio 1980). The debtor may request that her bankruptcy estate be administered separately from that of her deceased husband and she may object to the claims of creditors who hold

claims solely against her deceased husband and under which she has no liability.

This court concludes that the trustee's objection should be allowed and that the exemption claimed by the debtor in life insurance proceeds, paid by reason of the death of her husband, should be disallowed.

This opinion shall constitute this court's findings of fact and conclusions of law, they shall not be separately stated.