**In re Gerald McLAUGHLIN, Carole McLaughlin, Debtors.**

**Bankruptcy No. 98–642–WRS.**

United States Bankruptcy Court, M.D. Alabama.

Jan. 24, 2000.

## MEMORANDUM OPINION

WILLIAM R. SAWYER, Bankruptcy Judge.

This case came before the Court upon Debtor Carole McLaughlin's Motion for Rehearing (Doc. 42) wherein she seeks reconsideration of this Court's "Order on Show Cause, Order Overruling Objection to Claims." (Doc. 41). The Court will first review the history of this case and the discuss the various legal issues involved.

### I. FACTS

On February 9, 1998 Gerald and Carole McLaughlin filed a joint petition pursuant to Chapter 7 of the Bankruptcy Code, initiating this case. On March 8, 1998, Gerald McLaughlin died, leaving his wife the beneficiary of a $50,000 insurance policy.[1] On June 2, 1998, Carole McLaughlin filed a "Motion to Deconsolidate Cases" (Doc. 15). On July 10, 1998, this Court entered an order that the cases remain unconsolidated. (Doc. 22).

 A brief discussion of the difference between consolidation and joint administration may be helpful here.[2] The filing of a joint petition results in the joint administration of the bankruptcy cases of two related debtors, in this case a husband and a wife. 11 U.S.C. § 302. Joint administration means that there is one meeting of creditors, one discharge hearing, etc. Consolidation means two cases are treated as one. That is, there is one pool of assets and the creditors are all treated equally. Depending upon the relative financial strength of the debtors, consolidation may advance the interests of one debtor's creditors at the expense of the others. The Bankruptcy Code gives the Bankruptcy Court broad discretion in determining whether consolidation should or should not take place, depending upon the equities of each case. Bankruptcy Rule 1015.

Charles M. Ingrum, Sr., Charles M. Ingrum, Jr., Opelika, AL, for debtors.

Cecil M. Tipton, Jr., Opelika, AL, Chapter 7 Trustee.

---

1. The death of a debtor in a case under Chapter 7 does not abate liquidation of the estate. Bankruptcy Rule 1016.

2. *See, Reider v. Federal Deposit Insurance Corporation,* 31 F.3d 1102 (11th Cir.1994) for a more detailed discussion.

In this case, the Chapter 7 bankruptcy estates of Gerald and Carole McLaughlin were jointly administered but not consolidated. Carole McLaughlin's "Motion to Deconsolidate" was of no practical effect because consolidation never took place. That is, she had moved to "deconsolidate" when, in fact, there had never been a consolidation of the joint estates. The only assets subject to distribution in the estate were the proceeds of an insurance policy on the life of Gerald McLaughlin. As Carole McLaughlin was the beneficiary under the policy, it apparently was her expectation that the Trustee would take the $50,000, pay her creditors, but not her late husband's creditors, and return the surplus to her.

The Trustee saw things differently. Schedule F, in which the Debtors list unsecured debts such as the telephone bill, Sears charge card and the like, indicates that all of the unsecured debts of the parties were joint. That is, all of the debts were owed jointly by both Gerald and Carole McLaughlin. The Trustee quite logically interpreted this to mean that he should pay all of the claims out of the $50,000 on hand.

Charles Ingram, Carole McLaughlin's lawyer, submitted a copy of his letter to the Trustee, Cecil Tipton, which he contends was intended to instruct the Trustee to pay only eight specified debts. *See,* Letter dated October 6, 1998 from Ingrum to Tipton. (Doc. 40, Exhibit C). The letter indicates that these eight debts should be paid, totaling $18,182.00, but does not specifically indicate that any others should not. Tipton advised that he wrote Ingrum some months later informing Ingrum that he intended to pay all of the claims on the claims register, except for two which had been disallowed pursuant to objections filed by Tipton. The Tipton and the Ingrum letters were inconsistent. It appears that neither Tipton nor Ingrum realized that they were not in agreement as to how distribution was to be made. In any event, the Court is satisfied that Tipton did not mislead Ingrum or misrepresent his intentions.

On August 16, 1999, Tipton filed the "Trustee's Application for Final Compensation and Expenses and Report of Receipts and Disbursements." (Doc. 32). On August 27, 1999, the Bankruptcy Administrator filed a response to the Trustee's Application recommending that the Trustee's Application be approved, with a provision for correction of a minor typographical error which is not material here. (Doc. 33). The Trustee's Application sets out in detail how the funds of the estate are to be distributed. The name of each creditor and the amount of its dividend is clearly stated in the Trustee's Application. As set forth in the Trustee's Application, $31,541.91 was to be distributed to unsecured creditors and $14,696.64 was to be distributed to Carole McLaughlin.

On September 2, 1999, the Clerk sent the Debtors, Mr. Ingrum and all creditors the Court's "Order and Notice on Trustee's Application for Final Compensation, Expenses, Report of Receipts and Disbursements." (Doc. 35). It is undisputed that Ms. McLaughlin and Charles Ingrum received copies of the Court's Order and Notice of September 2, 1999. The Court's Order and Notice is a one-page summary of the Trustee's Application which states at the outset that Trustee's Application is on file with the Court. The Court's Order and Notice further indicates that $14,696.64 is to be paid to the Debtor as surplus and that $31,541.91 is to be paid to the creditors. The Order and Notice further sets out that hearing on the Trustee's Application is scheduled for October 5, 1999, and that objections would be taken up at that time.

On October 5, 1999, this Court conducted a hearing on the Trustee's Application. No objections were filed and no appearances were made at the hearing. On October 6, 1999, this Court entered an order reciting that no objections were made and approved the Trustee's Application. (Doc. 36). The Trustee was ordered to proceed

with distribution and to forward his bank statements and canceled checks to the Court.

On November 5, 1999, Carole McLaughlin filed a "Motion to Reopen Case." (Doc. 38). The Court set the matter for a telephonic hearing on December 16, 1999. (Doc. 39). On November 24, 1999, Carole McLaughlin filed a paper entitled "Objection to Claims, Motion for Relief from Orders Pursuant to B.R. 9024, Motion for Reconsideration of Claims pursuant to B.R. 3008." (Doc. 40). On December 21, 1999, this Court entered an order overruling Carole McLaughlin's objections. (Doc. 41). On December 22, 1999, Carole McLaughlin filed a Motion for Rehearing, wherein she asks that this Court reconsider its December 22, 1999 ruling. (Doc. 42).

## II. DISCUSSION

As Carole McLaughlin has filed several variously-styled papers, the Court's first task is to look to the substance rather than the form of the various motions. The Court determines that the thrust of Ms. McLaughlin's papers is a challenge to the Court's order of October 6, 1999, which is a final order, no longer subject to appeal and subject to revision only on limited grounds. As Ms. McLaughlin seeks to challenge the Court's October 6, 1999 order, the Court finds that she must carry the burden under Bankruptcy Rule 9024 (which incorporates Rule 60, Fed.R.Civ.P.). For the reasons set forth below, the Court finds that she had not made a showing of good cause and for that reason, denies her various motions.

### THE OCTOBER 6, 1999 ORDER WAS A FINAL ORDER

■ On October 6, 1999, this Court entered an order approving the Trustee's Application for Final Compensation, Expenses, Report of Receipts and Disbursements. (Doc. 36). That was a final order, as it did not leave anything further for the Court to do, except review the Trustee's bookkeeping, i.e. execute the judgment.

See, Dzikowski v. Boomer's Sports & Recreation Center, Inc. (In re Boca Arena, Inc.), 184 F.3d 1285, 1286 (11th Cir.1999) (final order must resolve controversy on the merits); Jove Engineering, Inc. v. Internal Revenue Service (In re Jove Engineering), 92 F.3d 1539, 1547 (11th Cir. 1996) (to same effect); Bryan G. Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.), 60 F.3d 724, 726 (11th Cir.1995) (same). In this case, the Trustee was ordered to proceed with distribution to the creditors and to Carol McLaughlin. No objection was made, no appeal or motion to stay was filed and there was no reason for the Trustee not to make the distribution. As Ms. McLaughlin did not file a timely notice of appeal, or a timely motion to alter or amend, pursuant to Bankruptcy Rule 9023, her remedy, if she has one, is pursuant to Bankruptcy Rule 9024.

### CAROLE MCLAUGHLIN HAS NOT SHOWN GOOD CAUSE FOR RELIEF UNDER BANKRUPTCY RULE 9024

■ Carol McLaughlin must satisfy the requirements of Bankruptcy Rule 9024, which incorporates, with exceptions not relevant here, Rule 60 of the Federal Rules of Civil Procedure. Rule 60(a) deals with clerical mistakes, which is not applicable here. Therefore, if Carole McLaughlin is entitled to relief at all, it is pursuant to Rule 60(b). For the reasons set forth below, this Court finds that she has not made a sufficient showing for relief.

Upon such terms as are just, the Court may grant relief from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Fed.R.Civ.P. The United States Supreme Court has concluded that the "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... prejudice [to the nonmoving party], the length of the delay and its potential impact on judicial proceed-

ing." *Pioneer Investment Services Company v. Brunswick Associates Limited,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

At the heart of the inquiry is the conduct of Carole McLaughlin and her lawyer. She failed to object to the Trustee's Application and does not have a good reason for doing so. At best, she has shown that her lawyer and the Trustee had a misunderstanding as to how distribution of the proceeds of the estate would take place. Any misunderstanding that Ms. McLaughlin or her lawyer may have had should have been discovered upon review of the Court's Order and Notice on the Trustee's Application. As the Court's Order and Notice contained information which was inconsistent with the views of Ms. McLaughlin and her lawyer, she should have made an objection. She did not. As no good or sufficient reason for the failure to object was advanced, her motions should be denied.

The Court also notes that the ultimate relief that Ms. McLaughlin seeks is the recovery of some of the money distributed to creditors. This would most likely entail protracted litigation. The creditors which have been paid would very probably contest every allegation made by Ms. McLaughlin. Allowing her to raise these issues now would be very problematic. First, the Court has a very strong interest in the finality of its orders. A matter once decided by a Court should, unless appealed, settle the issue. Creditors and others are entitled to rely upon final orders. Second, this does not involve just the Trustee and the Debtor. None of the creditors have been served with any of the papers filed by McLaughlin and would, almost certainly, contest the same. To set aside this Court's order of October 6, 1999, at this late·date, would entail the expenditure of considerable time and resources of not only the Court but ten creditors who have

received distributions as well. This state of affairs could have been easily avoided by Ms. McLaughlin had she timely filed her objections, prior to entry of the October 6, 1999 order and prior to distribution of the funds of the estate.

It should be noted that even if Ms. McLaughlin were permitted to raise her objections, it is questionable whether she would prevail. In sum, she wants to keep the insurance proceeds on her late husband's life, pay only her creditors, leaving her late husband's creditors nothing and herself with a $31,000 distribution. Ms. McLaughlin filed schedules wherein she admitted that she was jointly liable for all of the debts of both parties. At the hearing on her motion, Ms. McLaughlin's lawyers argued that because she did not sign some of the agreements with Mr. McLaughlin's creditors, that she is not liable. Indeed, some of the creditors named only Gerald McLaughlin on the proof of claim.[3] On the other hand, some or all of the creditors may have advanced arguments that she was nevertheless liable on the accounts. These potentially difficult legal and factual issues should not be raised now.

Ms. McLaughlin cites Bankruptcy Rule 3008 and 11 U.S.C. § 502(j) in support of her position as well as *In re Fox,* 64 B.R. 148 (Bankr.N.D.Ohio 1986) and *In re McAlister,* 56 B.R. 164 (Bankr.D.Or.1985). (Doc. 40, para. 14–15). Section 502(j) gives a Bankruptcy Court the power to reconsider a claim at any time and, in appropriate circumstances, to demand repayment of money distributed to a creditor. It is not disputed that the Court has the power to do what Ms. McLaughlin asks, the question is whether it should, given the equities of this case.

---

**3.** Review of the claims filed in this case shows that the following Proofs of Claim name only Gerald McLaughlin as debtor: No. 2 SouthTrust BankCard $1,669.00; No. 9 World Financial Network Nat'l Bank $2,087.35.

Claim No. 8, which is the claim of Avco Financial names both debtors but attaches a Promissory Note which was signed by and names only Gerald McLaughlin.

In *Fox,* a bankruptcy court reconsidered an order on the allowance of a claim in a Chapter 13 proceeding. Chapter 13 cases involve the payment by a debtor under a plan over a period of time. If the debtor successfully completes the plan, an order of discharge is entered. Moreover, payments are commenced by the debtor in a Chapter 13 plan within 30 days of the date of the petition. 11 U.S.C. § 1326. Plans typically last three to five years. 11 U.S.C. § 1322(d). As payments begin early and last some period of time, the allowance of claims in Chapter 13 cases is frequently something of a moving target, at least early in the proceedings. Given the mechanics of distribution under a Chapter 13 plan, contrasted with the one time distribution under a Chapter 7 liquidation, the equities of reconsidering orders in a Chapter 7 are much different than under a Chapter 13 plan. For this reason, the opinion in *Fox* is not very helpful here.

Ms. McLaughlin also cites the *McAlister* case which involves the question of whether the proceeds of a life insurance policy on the life of a co-debtor are exempt under Oregon law. *McAlister* in inapplicable here for two reasons. First, the question as to whether insurance proceeds are property of the estate turn on a question of Oregon law, which is wholly inapplicable here. The exemptions of a debtor in a Chapter 7 case in this Court turns on the application of Alabama exemption statutes. Second, and more importantly, Ms. McLaughlin never raised an issue as to whether her insurance proceeds were exempt. She did not file a claim of exemption, on Schedule C, nor did she file any kind of motion or objection which would have put the question at issue. Rather, she acquiesced in the Trustee's position that the insurance proceeds were property of the estate. Indeed, McLaughlin makes only the most oblique reference to this issue even now.[4] Ms. McLaughlin's reference to *McAlister* in this manner and at this late date is to no avail.

■ Rule 60(b) is designed to "preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Griffin v. Swim–Tech Corporation,* 722 F.2d 677, 679 (11th Cir.1984) (quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970), *cert. denied* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)); *see also, Seven Elves Incorporated v. Eskenazi,* 635 F.2d 396 (5th Cir.1981) (Unit A) (Rule 60 not a substitute for appeal). Weighing the violence done by the finality of an order for distribution against the failure to timely object and factoring in the dubious merits of the substance of Carole McLaughlin's position, the Court concludes that her motion should be denied.

### CONCLUSION

The Court has determined that the motions filed by Carole McLaughlin are a challenge to the Court's order of October 6, 1999, wherein it approved the Trustee's proposed distribution of property of the estate, which was a final order. Ms. McLaughlin did not object at the hearing on the matter and did not timely move to reconsider or appeal. The October 6, 1999 order is a final order no longer subject to appeal. Ms. McLaughlin is entitled to relief only if she can prove excusable neglect or other good cause under Bankruptcy Rule 9024. The Court, having carefully considered the arguments and submissions of her lawyers, concludes that she has not made the showing required under Bankruptcy Rule 9024 and for that reason, her motion is to be denied. The Court will deny the motion by separate order.

### ORDER DENYING MOTIONS TO RECONSIDER

For the reasons set forth in this Court's Memorandum Opinion of this date, Debtor

---

**4.** *See,* Ms. McLaughlin's Objection to Claims ... (Doc. 40), para. 15 where she raises the issue parenthetically.

Carole McLaughlin's Motion for Rehearing (Doc. 42) is DENIED.