### In re BARKLOW.

#### (District Court, D. Oregon.  August 7, 1922.)

#### No. B–5830.

1. **Bankruptcy ⚌400(1)—Exemptions accorded by laws of state are to be claimed at the time and in the manner specified by the Bankruptcy Act.**

   While a bankrupt is entitled to such exemptions as are accorded by the laws of the state in which he resides, the time and manner of claiming such exemptions and of setting apart and awarding them are regulated by the Bankruptcy Act (Comp. St. §§ 9585–9656).

2. **Bankruptcy ⚌400(1)—Exemption must be claimed in schedule of voluntary bankrupt.**

   Under Bankruptcy Act, § 7 (8), being Comp. St. § 9591, the exemption claim of a voluntary bankrupt must be contained in the schedule filed with his petition for bankruptcy.

3. **Bankruptcy ⚌396(5)—No exemption allowable for homestead acquired after filing schedule.**

   A bankrupt, who was not entitled to a homestead at the time of filing his schedule, was not entitled to homestead exemption, even if he acquired the homestead subsequent thereto.

4. **Homestead ⚌32—Land on which owner did not reside not his "homestead"; "abode."**

   Under Laws Or. 1919, p. 160, §§ 1, 4, requiring a homestead to be "the actual abode of and occupied by the owner, his or her spouse, parent or child," land on which owner did not actually reside was not his homestead, since the word "abode" signifies habitation, dwelling, or place of residence.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abode; Homestead.]

In Bankruptcy. In the matter of Daniel Barklow, bankrupt. On bankrupt's claim for homestead exemption. Order of referee, disallowing claim, affirmed.

Claud H. Giles, of Myrtle Point, Or., for trustee.
A. G. Thompson, of Myrtle Point, Or., for bankrupt.

WOLVERTON, District Judge. Daniel Barklow filed his voluntary petition to be adjudged a bankrupt on June 23, 1921, and with it his schedule, whereby he claimed a homestead exemption consisting of three tracts of land, located separately, containing respectively 8, 5, and 2 acres. The 2-acre tract is distant from the 8-acre tract about 105 paces, and the 5-acre tract from a quarter to one-half mile. None of these tracts had a dwelling or other building on it at the time; nor was any of them occupied as the abode of petitioner or any member of his family, although all of such tracts were owned by him. The wife owns a small tract of land adjoining the 2-acre tract, upon which there is a small house, in which the petitioner and family were dwelling at the time, and had been for some time previously. There was an orchard on the 2-acre tract, and vegetables were and had been grown upon it and upon the 8-acre tract, while the 5-acre tract was wooded, and not adapted to cultivation, except a small portion thereof. Neither the petitioner nor his family has lived upon any of these tracts of land since he owned them, which has been for 8 or 9 years. Petitioner has, since filing his petition and making his claim for homestead exemption, constructed a small dwelling upon the 8-acre tract. He moved into it on the 27th day of October, 1922, more than a year after filing his petition in bankruptcy. He says in his testimony that his object in buying the 8-acre tract was to have it for a home.

The question presented is whether, under the conditions disclosed, petitioner is entitled to his homestead exemption as claimed. By the Oregon statute (section 1, c. 112, p. 160, Session Laws 1919), "the homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child." And by section 4 the claimant must make his claim to the premises as a homestead when levy is made thereon by an officer under process, or at any time before the sale thereof.

[1] A bankrupt is entitled to such exemptions as are accorded by the laws of the state in which he resides, but it is the settled rule that the time and manner of claiming such exemptions and of setting apart and awarding them are regulated by the Bankruptcy Act (Comp. St. §§ 9585–9656). In re Kane, 127 Fed. 552, 62 C. C. A. 616; In re Culwell (D. C.) 165 Fed. 828; In re Gerber, 186 Fed. 693, 108 C. C. A. 511.

[2] The time for claiming such exemption in bankruptcy is fixed by the act (section 7 [8], being Comp. St. § 9591), and must be contained in the schedule which the voluntary bankrupt files with his petition for bankruptcy.

[3] Barklow made his claim in accord with the requirements of the act, and at the time prescribed. He could not have made a claim later, unless permitted by leave of court to amend his schedule. If,

however, he was not entitled to the homestead claimed at the time of filing his schedule, he could not have it at all.

[4] Abode signifies habitation, dwelling, or place of residence. Within this meaning, it is clear that none of the tracts of land claimed by the bankrupt as his homestead was, at the time he filed his petition and schedule, his "actual abode." Nor did any of the tracts become such until more than a year subsequent to the time he was required to file his claim thereto. He was not entitled to erect a homestead and claim it subsequent to his bankruptcy and the filing of his schedule.

The order of the referee, disallowing the claim, will be affirmed.