WALKUP *v.* COVINGTON *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

8.

Samuel N. Harwood and Wm. M. Greene, both of Nashville, for appellant.

Walker & Hooker and Wm. Sugg, all of Nashville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill was filed August 31, 1934, to have a homestead exemption, in the sum of $2,000, set apart from parcels of complainant's land, described in the bill, and to enjoin a sale of this alleged exempt property under an execution. The defendants, creditors of complainant, filed a demurrer on the 12th of December, 1934, which demurrer was overruled by the chancellor on the 1st of February, 1935, with leave to rely thereon in an-

swer. The answer was thereafter, on March 9, 1935, duly filed. On June 28, 1935, a motion for the appointment of a receiver was overruled and disallowed. On July 17, 1935, an amended answer and cross-bill was filed by the defendants, and to this cross-bill a demurrer was interposed on the 30th of August, 1935.

The record shows the taking of no further steps in this cause until June 15, 1937, when a petition was filed by William C. Sugg, trustee in bankruptcy, for W. O. Walkup, the original complainant, praying the court to dismiss the suit at the cost of the bankrupt estate, in accordance with order of the referee in the court of bankruptcy. In support of this petition the trustee filed a certified copy of the order of the referee directing him to file this petition, also a copy of the bankrupt's schedule filed in the bankruptcy court and his application therein filed for a homestead in the parcels of land described in the original bill in this cause; also, a copy of the order of the United States District Court allowing to the bankrupt a homestead in said lands in the value of $1,000, and a copy of an order of said District Court making a decree of the United States Circuit Court of Appeals, for the Sixth Circuit, *Walkup* v. *Crockett*, 88 F. (2d), 1021, the decree of said District Court. Thereupon there was filed in the cause, on the 24th day of June, 1937, a ''Statement of facts and history of proceedings in the Bankruptcy Court pertaining to the questions of homestead exemption and the extent thereof.'' This ''statement'' is signed by solicitors for complainant, and there is appended thereto the following statement signed by William C. Sugg, trustee:

''The foregoing is O. K. as a correct statement of proceedings in the Federal Court, but the Trustee in

nowise consents to the filing of same in this case by the Bankrupt, but objects to the filing of same, all rights in said litigation having passed to the Trustee in Bankruptcy and having been adjudicated.

"This 23 day of June, 1937."

On July 2, 1937, a stipulation was filed by all counsel that the exhibits filed to the trustee's petition of June 15, 1937, above referred to, are true and correct copies.

On the 7th of July, 1937, following, the chancellor, upon a consideration of the entire record, including the statement of facts hereinbefore mentioned, dismissed the suit, and from his decree of dismissal complainant Walkup has appealed.

The decree of the chancellor recites that, "it appearing to the Court that the original complainant, W. O. Walkup, after the filing of his original bill in this cause was adjudged a voluntary bankrupt and that said bankruptcy proceeding is still pending and that the petitioner, William C. Sugg, is the duly appointed, qualified and acting Trustee in bankruptcy of the said W. O. Walkup, and that said Trustee in bankruptcy has been authorized and directed by the Referee in bankruptcy for the Middle District of Tennessee, Nashville Division, to voluntarily dismiss this suit at the cost of the Bankrupt's estate;

"It is ordered, adjudged, and decreed by the Court that said Trustee in bankruptcy be and he is hereby permitted to voluntarily dismiss said suit and said suit is hereby dismissed. The petitioner, William C. Sugg, Trustee in Bankruptcy of W. O. Walkup, will pay all costs of this proceeding."

It appears from the record, to which reference has

been herein made, that pending his suit brought in the state court, on or about the ——— day of November, 1935, he filed a voluntary petition in bankruptcy and was duly adjudicated a bankrupt on the 8th day of November, 1935. It further appears that he made claim for the identical homestead exemption which he had sought in his original bill in the state court to have set apart to him, and that he proceeded in the bankruptcy court to prosecute this claim, and that it was there in due course heard and passed upon on the merits, with the result that he was awarded his homestead exemption in the sum of $1,000, and that his contention that he was entitled to an exemption in the sum of $2,000 was specifically submitted to and passed upon, first by the referee, and then by the District Court, from which decree he prayed an appeal to the Circuit Court of Appeals, of the Sixth District, where this decree was affirmed. The result of this litigation over this specific matter was to deny his contention that he was entitled to an exemption of $2,000 under the state law in effect. The question of his right as a single man, and without dependents other than a mother, to an exemption under the state laws was contested and adjudicated in his favor. These matters were all duly presented to the chancellor, and it was upon these facts that he based his decree to which reference has been made.

▇ Learned counsel for appellant assigns errors under six heads, making on the merits the insistence that he is entitled to an exemption in the amount of $2,000, instead of $1,000 as decreed to him by the court of bankruptcy. He concedes that section 7719 of the Code of 1932, which fixed the homestead exemption at $2,000, was amended by chapter 72, section 1, of the Acts of 1933

so as to reduce the amount to $1,000, but contends that this reduction cannot constitutionally be given application in his case without violation of his constitutional rights. He relies upon the holding of this court in *Hair* v. *Ramsey*, 165 Tenn., 149, 53 S. W. (2d), 381. It was held in this case that the Legislature could not *increase* a debtor's exemptions above those existing at the time of the creation of the debt, for the reason that this would impair the obligation of contract. However, we have a converse situation here, and this holding is no authority for the insistence that the Legislature may not *reduce* the amount of the exemption. Moreover, counsel does not give effect to the express language of the amendatory act of 1933, which bears directly on the point made:

"The intention of this Act is to preserve to those entitled as above set out, the benefit of the homestead exemption in real estate and improvements thereon of the value of one thousand dollars stipulated in Article XI, Section 11 of the Constitution of 1870 and not to increase the same above said amount.

"After the passage of this Act no one shall be entitled to claim or receive such exemption under this or any former law or Act in an amount in excess of one thousand dollars in value, unless such exemption has been actually set apart to him, her or them in the manner provided by such former law, prior to the passage of this Act." Section 1.

It is clear from the record before us that the exemption claimed by Walkup had not been set apart to him "prior to the passage of this act." No ground is suggested for questioning the constitutionality of this act.

Other assignments challenge (1) the jurisdiction of the bankruptcy court to adjudicate the rights of ap-

pellant, it being insisted that the jurisdiction of this subject mater is in the state court; and (2) the procedural right of the trustee in bankruptcy to intervene in the chancery court in this cause and move the dismissal of this suit.

In the first place, we are unable to escape the conclusion, not only that the bankruptcy court has jurisdiction of this subject matter, but that appellant waived his right to raise the question by voluntarily abandoning his suit in this cause in the state court and going into the bankruptcy court and submitting the administration of his estate to that court, specifically invoking that court to adjudicate his exemption rights, and prosecuting to a final conclusion, through the United States District Court to the Court of Appeals, this identical issue.

We think it sufficiently appears that the trustee in bankruptcy, acting on behalf of the bankrupt and the creditors of his estate, had such a substantial interest in the issues involved in this cause to authorize his intervention herein. The estate of the bankrupt, particularly the value of his real estate in excess of his homestead exemptions, appears to have been largely more than the amount of the exemption. And, conceding that the title to the exempt property did not vest in the trustee, it is apparent that the administration of his estate otherwise was embarrassed and delayed by the pendency of this suit, at least to the extent that the title of purchasers of the lands subject to the exemption would be clouded. We think, therefore, the chancellor did not err in permitting this intervention.

We are of opinion, also, that he did not err in dismissing the suit on the motion to this effect, support-

ed as it was by the record in this cause, the facts set forth in the agreed statement of facts, hereinbefore set out, and, particularly, by the fact that it was thus made to appear that the bankruptcy court had jurisdiction of the subject matter and that its jurisdiction was clearly exclusive in view of the voluntary abandonment by appellant of this proceeding in the state court and his adoption of the jurisdiction of the bankruptcy court. Clearly, in this situation, the chancellor would not have been authorized to proceed to decree touching the matter, even if it should be assumed that the chancellor would have adopted a construction of the state law different from that given the law by the bankruptcy court, an assumption which we cannot concede, consistently with the views we have hereinbefore indicated, that the state law in force at the time of the filing of the petition, being chapter 72 of the Acts of 1933, constitutionally and bindingly limited the exemption to $1,000.

There is abundant authority for the general proposition thus concretely stated in the headnote under Bankruptcy, 8 C. J. S., section 502, at page 1378: "Whether the bankrupt has a right of exemption against general creditors, as of the time the bankruptcy petition was filed, is within the exclusive jurisdiction of the bankruptcy court to determine." This text is abundantly supported by authorities cited in the notes. Moreover, it is well settled that, "The date of the filing of the bankruptcy petition is the point of time as of which the right to exemptions is to be determined," to quote again from the same volume and section of C. J. S., above cited. Also, see, under the title, "Bankruptcy," subtitle, "Exempt Property," 6 Am. Jur., page 617, where other authorities are cited to the same effect.

The quotation above given from 8 C. J. S., Bankruptcy, section 502, page 1378 is in conformity with the express terms of section 6 of the Bankruptcy Act of 1898, section 24, Title 11, U. S. C. A., reading as follows:

"Same; exemptions. The provisions of this title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws *in force at the time of the filing of the petition in the State* wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

We have italicized the pertinent language. In a number of cases it has been held that the right to exemptions is determined as of the time of the filing of the petition. Some of these are: *In re Kerr* (1873, D. C. S. C.), Fed. Cas., No. 7729; *In re Youngstrom* (1907, 8 Cir.), 153 F. 98; *In re Sale* (1906, 6 Cir.), 143 F., 310; *In re Fletcher* (1906, D. C. Ohio), 16 A. B. R., 491; *In re Barklow* (1922, D. C. Or.), 282 F., 892.

And see Remington on Bankruptcy. (3 Ed.), section 1273.

We have no question here of the power of Congress to fix the amount of homestead exemptions. No attempt to do so appears. The only power Congress has or has sought to exercise is the power to establish courts of bankruptcy and confer jurisdiction thereon to give effect to the exemptions allowed by the laws of the state in any given case and, incidentally, to construe the meaning and effect of such exemptions, whether provided by a state statute or State Constitution.

It cannot be doubted that the Congress may create courts of bankruptcy, with exclusive jurisdiction on the subject, and that this has been done, and it is also clear

that the determination and adjudication of the exemption rights of bankrupts is within the competency of the United States District Court as a necessary incident of the administration of the bankrupt's estate. Much confusion and devestating delays would result, if, in each case, this question must be referred to the state courts for determination.

██ ██ It may be remarked, in passing, that the rule invoked under which the bankruptcy courts and other United States courts recognize and follow the construction given state exemption laws by the courts of the state does not go to the extent of invalidating an adjudication made by the federal court in which that court has by inadvertence or otherwise failed to confirm to this rule; and there is no power in the state court to set aside such a decree or act in defiance of it, when the federal court was acting within its jurisdictional powers touching the subject matter. This is said in answer to the contention much pressed that in this case the federal court has failed to follow a construction given by the courts of this state of the question of the amount of the homestead exemption. On this point counsel have relied on a decision of the Court of Appeals rendered several years ago, but, in the first place, this court is not bound by the decisions of the Court of Appeals, particularly on questions involving constitutional claims; and, in the second place, the facts of that case were in no determinative sense like the facts in the case now before us. And we should properly add that, while in this opinion, in deference to the earnest argument of counsel, this question arising on the merits has been to some extent discussed, our affirmance will be rested mainly on our disposition of other questions and the

18

conclusion we have reached that appellant is not in position to prosecute his claim in this cause.

 Certainly, it is axiomatic that one may not abandon a court and cause, in which he has sought a given relief, and voluntarily seek an adjudication of his rights in another jurisdiction, and, after having therein litigated to a conclusion the issues, return into the court of original action and there seek to reopen and readjudicate these issues.

It results that we find no error in the decree of the chancellor, and it is affirmed.