*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0175P (6th Cir.)
File Name: 00a0175p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

In re: AMC MORTGAGE
COMPANY, INC.,

       *Debtor.*

———————————

AMC MORTGAGE COMPANY,
INC.,

       *Plaintiff-Appellant,*

       *v.*

TENNESSEE DEPARTMENT OF
REVENUE,

       *Defendant-Appellee.*



No. 99-5498

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 97-01037—Thomas A. Higgins, District Judge.

Argued: April 25, 2000

Decided and Filed: May 26, 2000

Before: MARTIN, Chief Judge; MERRITT and SILER,
Circuit Judges.

1

———————————

**COUNSEL**

**ARGUED:**    Harry Willis Miller III, MILLER & ASSOCIATES, Nashville, Tennessee, for Appellant. Sally Ramsey, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Harry Willis Miller III, MILLER & ASSOCIATES, Nashville, Tennessee, for Appellant. Sally Ramsey, Kathleen A. Ayres, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Chief Judge. AMC Mortgage Company, Inc. appeals the decision of the district court affirming the dismissal of its Chapter 11 bankruptcy petition for failure to make payments due under the Chapter 11 plan. For the reasons stated below, we AFFIRM.

I.

On March 25, 1994, AMC filed a Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Tennessee. Prior to this, in February 1992, AMC filed a taxpayer lawsuit in Tennessee state court against the Tennessee Department of Revenue challenging the tax assessed against AMC from 1987 to 1990. Accordingly, on its Chapter 11 Disclosure Statement, AMC listed the state's claim as "disputed" and included its claim against the state as an asset.

After filing its Chapter 11 petition, AMC removed the state court tax action and filed motions in bankruptcy court to determine its 1993 tax liability and whether it was entitled to a refund for taxes paid from 1982 through 1986. The bankruptcy court heard argument on these motions on July 26,

special rules governing actions against the State ... [and] suits against the State can be maintained only as authorized by statutes; ... statutes permitting suits against the State must be strictly construed; ... and general procedural statutes do not apply against the State unless the State is specifically named therein.

T.C.A. § 28-1-105 does not specifically name the state. Construing the language of the savings statute strictly, it cannot be applied against the state. *See id.*

Under T.C.A. § 67-1-1801(b), AMC had ninety days from the date the notice of assessment was mailed to file suit. Its initial suit may have been timely, but once AMC took a non-suit in the case, the ninety-day limit had passed, AMC was barred from reinstating the dismissed action, and the assessment became final. Thus, the litigation was "resolved" within the meaning of AMC's confirmed Chapter 11 plan and AMC should have begun making payments to the state.

The record is clear that no payments were made before the state filed its motion to dismiss the Chapter 11 case. A failure to make a payment required under the plan is a material default and is cause for dismissal. *See In re H.R.P. Auto Center, Inc.*, 130 B. R. 247, 256 (Bankr. N.D. Ohio 1991). The bankruptcy court's decision to dismiss the case for cause under 11 U.S.C. § 1112(b)(8) was proper.

Following AMC's voluntary dismissal of its state tax claims, adjudication of those claims became final and AMC should have begun making payments as required by the confirmed plan. Failure to make those payments is a material default and the bankruptcy court did not abuse its discretion in dismissing the case. The decision of the bankruptcy court dismissing AMC's Chapter 11 case is AFFIRMED.

1994. The court abstained under 28 U.S.C. § 1334(c)(1) and remanded the case to the Davidson County, Tennessee, Chancery Court. Thereafter, on October 17, 1994, the parties entered into an agreed order that:

[a]ll issues raised by AMC in its Motion for Determination of Tax Refund and Motion for Determination of Tax Liability can presently be litigated in Tennessee state court in accordance with the procedures set forth in T.C.A. Section 67-1-1801 *et seq.*, the Tennessee Taxpayers Remedies Act, as those procedures may be modified by the United States Bankruptcy Code and specifically 11 U.S.C. § 108.

AMC's bankruptcy plan was confirmed on September 12, 1995. In the plan, the litigation involving the Tennessee Department of Revenue, referred to as "TDR," was addressed as follows:

*Class 2*: The only member of this class is TDR. The claim of TDR is currently being disputed by the Debtor in litigation pending in Chancery Court .... The payment to this class shall be reserved and/or suspended until the resolution of said litigation. At that time, if TDR is successful, its allowed claim shall be paid, pursuant to 11 U.S.C. § 1129(a)(9)(C), over seventy-two (72) months at a rate of nine per cent (9%) per annum.

On April 25, 1996, AMC filed a motion to amend its complaint in the state court action, adding challenges to the department's assessments for 1982 to 1985, 1987 to 1991, and 1991 to 1995. The state objected to this motion. On July 9, 1996, the Chancery Court allowed AMC's challenges to the 1993 and 1995 assessments, but disallowed the others as either time-barred or unsupported by state law. The order provided that AMC could file an amended complaint. AMC did not file an amended complaint. Instead, on February 10, 1997, AMC filed a voluntary non-suit and the case against the state was dismissed.

Four months later, on June 4, 1997, the department filed a motion to dismiss the Chapter 11 case under 11 U.S.C. § 1112(b)(8), arguing that the state litigation was over and that AMC had failed to begin making the payments due under the confirmed bankruptcy plan. AMC objected to the motion to dismiss and again asked the bankruptcy court to decide the issues that were voluntarily dismissed in the Tennessee state court proceeding, and to assume jurisdiction over the tax matters. The bankruptcy court held that AMC had voluntarily ended its lawsuit when it chose not to appeal the Chancery Court decision. Accordingly, the court granted the department's motion to dismiss the Chapter 11 case. AMC appealed and the district court, adopting the recommendation of the magistrate, affirmed the bankruptcy court's decision.

## II.

This court reviews a bankruptcy court's decision directly, not the district court's review of the bankruptcy decision. *See Trident Assocs. Ltd. Partnership v. Metropolitan Life Ins. Co.*, 52 F.3d 127, 130 (6th Cir. 1995). The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo*. *See Trident Assocs.*, 52 F.3d at 130; *Laguna Assocs. Ltd. Partnership v. Aetna Cas. and Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

It is settled law in this circuit that a bankruptcy court may dismiss a case under Chapter 11 for cause. *See* 11 U.S.C. § 1112(b); *Trident Assocs.*, 52 F.3d at 130. The bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b). *See Matter of Woodbrook Associates*, 19 F.3d 312, 316 (7th Cir. 1994); *In re Lumber Exch. Bldg. Ltd. Partnership*, 968 F.2d 647, 648 (8th Cir. 1992); *In re Gonic Realty Trust*, 909 F.2d 624, 626-27 (1st Cir. 1990); *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986). Accordingly, the decision to dismiss the case will be upheld unless it was an abuse of discretion, defined as "a definite and clear conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

AMC argues that a voluntary non-suit under Rule 41.01 of the Tennessee Rules of Civil Procedure is not a final judgment. *See Merchants and Manufacturer's Transfer Co. v. Johnson*, 403 S.W.2d 106 (Tenn. App. 1996). Furthermore, AMC argues that under T.C.A. § 28-1-105 it has one year after its voluntary dismissal or non-suit to refile the action. Thus, AMC argues that it did not fail to comply with the terms of the confirmed plan because it had until February 10, 1998 to reinstate its case.

Although AMC is correct that Rule 41.01 provides for a voluntary non-suit, and that such a non-suit is not a final judgment, AMC does not have a year to reinstate its action. T.C.A. § 28-1-105 is the general saving statute, providing that a plaintiff, after a voluntary dismissal or non-suit, has one year to refile the dismissed action. However, another state statute specifically limits the time to file a suit challenging a tax assessment to ninety days. See T.C.A. § 67-1-1801(b) ("A suit challenging the assessment of a tax . . . must be: (1) Filed within ninety (90) days from the date of mailing of the notice of assessment to the taxpayer by the commissioner"). The Tennessee Supreme Court has held that a general statute does not apply to the state unless the state is specifically named in the statute. *See Automobile Sales Co. v. Johnson*, 122 S.W.2d 453, 454-55 (Tenn. 1938). In that case, the plaintiff sued to recover an allegedly illegal tax, voluntarily dismissed the suit, and then sought to refile the case under the savings statute. *See id.* The court held that general statutes do not apply to the state "unless they expressly so provide." *Id.* at 458. The court went on to say that where the statute that creates the right of action expressly limits the time in which a suit to enforce the action may be brought, "time is of the essence of the right and the limitation of the remedy is a limitation of the right." *Id.* At the heart of this matter is the notion that the state, as sovereign, may only be sued with its permission. *See Alden v. Maine*, 119 S.Ct. 2240, 2246 (1999). The Tennessee Supreme Court held in *Cronin v. Howe*, 906 S.W.2d 910, 914 (1995), that because there are