In re: W. Dale GROOMS; In re: Rosa B. Grooms, Debtors,

W. Dale Grooms; Rosa B. Grooms, Appellants,

v.

W/C Millings Company, Appellee.

No. 02–4467.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

## ORDER

W. Dale Grooms, and Rosa B. Grooms (the "debtors"), appeal an order of the Bankruptcy Appellate Panel ("BAP") which affirmed a bankruptcy court order dismissing their Chapter 12 case for having defaulted under their confirmed plan and because more than five years elapsed since confirmation. The debtors have filed a motion to expedite the appeal and a motion for a stay of proceedings in the Adams County Court of Common Pleas. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. Suffice it to say that the bankruptcy court confirmed the debtors' Chapter 12 plan on April 25, 1997. The Chapter 12 Trustee and W/C Millings Co. ("W/C Millings") filed motions to dismiss the case on the grounds that (1) the debtors had defaulted under the terms of the Chapter 12 plan by

failing to make all required payments; and (2) more than five years had elapsed without the plan's being completed. The debtors argued in response that they were exempt from making payments during calendar years 1997, 1998, and 1999 because the county in which they conduct their farming operations was declared a federal disaster area in those years. On June 7, 2002, the bankruptcy court granted both the Trustee's and W/C Millings' motions to dismiss, finding that cause existed to dismiss under Bankruptcy Code § 1208(c) because the debtors were in material default under their plan. The court also denied the debtors' motion for a hardship discharge. The BAP affirmed the bankruptcy court's decision. An appeal to this court followed.

Bankruptcy cases differ from most other federal cases in that the court of appeals does not afford first-instance appellate review. Rather, Congress has provided for intermediate review, conferring on district courts and federal bankruptcy appellate panels the authority to hear appeals from bankruptcy court decisions, but preserving to the parties a right of further review in the courts of appeals. *See* 28 U.S.C. § 158. Whether such an appeal comes to this court by way of the district court or the BAP, the standard of review is the same: this court focuses on the bankruptcy court's decision, scrutinizes that court's findings of fact for clear error, and affords de novo review to its conclusions of law. *See Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir.1998); *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir.1994). Findings of fact are reviewed under the clearly erroneous standard. *See* Fed. R. Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (B.A.P. 6th Cir.1998) (citations omitted). Conclusions of law are reviewed de novo. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998).

This court reviews the bankruptcy court's decision to dismiss a debtor's bankruptcy case for abuse of discretion. *See Indus. Ins. Servs. v. Zick (In re Zick)*, 931 F.2d 1124, 1126 (6th Cir.1991). We may find an abuse of discretion when we have "a definite and clear conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996).

Upon review, we conclude that the record is clear that the debtors failed to make their plan payments. A failure to make a payment required under the plan is a material default and is cause for dismissal. *See* 11 U.S.C. § 1208(c)(6); *In re Fennig*, 174 B.R. 475, 479 (Bankr.N.D.Ohio 1994). *See also AMC Mortgage Co. v. Tenn. Dep't of Revenue (In re AMC Mortgage Co.)*, 213 F.3d 917, 921 (6th Cir.2000) (cause exists to dismiss a Chapter 11 case for material default when a debtor fails to make required payments under a confirmed plan). The bankruptcy court's decision to dismiss the case for cause under 11 U.S.C. § 1208(c)(6) was proper.

■ Upon further review, we conclude that the bankruptcy court did not err in denying the debtors' motion for a hardship discharge under 11 U.S.C. § 1228(b). The debtors did not qualify for such a discharge because the unsecured creditors had not been paid the amount they would have been paid under a Chapter 7 liquidation, which is a prerequisite to receiving

**924**

a discharge under Bankruptcy Code § 1228(b)(2).

Finally, we deny the debtors' motion for a stay because they have not shown a strong or substantial likelihood of success on the merits. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991).

Accordingly, the motion to expedite the appeal is granted, the motion for a stay is denied, and the order of the BAP is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.