**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0120n.06
Filed: February 15, 2007

**No. 05-2255**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **THERESITA K. DIETRICH,** | ) |
| | ) **ON APPEAL FROM THE** |
| *Plaintiff-Appellant,* | ) **UNITED STATES DISTRICT** |
| | ) **COURT FOR THE EASTERN** |
| v. | ) **DISTRICT OF MICHIGAN** |
| | ) |
| **NOB-HILL STADIUM PROPERTIES,** | ) **OPINION** |
| | ) |
| *Defendant-Appellee.* | ) |

BEFORE: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and MILLS, District Judge.[*]

RICHARD MILLS, District Judge.

Theresita K. Dietrich appeals the judgment of the district court affirming the bankruptcy court's dismissal of her Chapter 7 bankruptcy case. In dismissing Dietrich's case, the district court determined that the bankruptcy court's dismissal of a previous Chapter 7 proceeding had the effect of barring Dietrich from taking any

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

-1-

further bankruptcy action to discharge the debt to Defendant-Appellee Nob-Hill Stadium Properties.

Since we conclude the district court committed no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the purchase by a general partnership of the Stadium Apartments, an apartment complex in Ann Arbor, Michigan. The financing consisted of a first mortgage on the property and also a second mortgage running in favor of Nob-Hill Stadium Properties. As part of the financing, Debtor and Plaintiff-Appellant Theresita K. Dietrich and her then-husband Edgar J. Dietrich, the general partners, guaranteed the second mortgage obligation to Nob-Hill. This mortgage was executed in 1989; Nob-Hill filed suit on the mortgage in 1994. On March 11, 1996, the Wayne County Circuit Court entered its consent judgment in the amount of $437,894.68. Since the date of the entry of the consent judgment, the Debtor or other defendants who are indebted to Nob-Hill have made payments of $288,902.59, on March 21, 2001, and $23,962.57 on April 12, 2001.

In 2000, Nob-Hill sued Dietrich and her family trust, alleging the fraudulent conveyance of her residence located at 345 Piche, Grosse Point Farms, Michigan ("the Piche Property"). On June 18, 2001, the court entered an opinion granting the plaintiff's motion for summary judgment and denying the defendant's motion for

summary judgment. That court found the transfer of the Piche Property to be a fraudulent conveyance and appointed a Receiver for the property. The Receiver signed a purchase agreement for the sale of the Piche Property. A closing on the sale was set for August 12, 2004.

Dietrich filed three bankruptcy petitions prior to the one at issue in this appeal. The three prior cases were each dismissed on the motion of Nob-Hill. Her first case was a Chapter 13 Petition, which was dismissed on December 14, 2001 because the bankruptcy court found that Nob-Hill's claim exceeded the $400,000 jurisdictional amount. Dietrich's second case was a Chapter 11 proceeding, which was dismissed with prejudice on May 1, 2002. She claims the case was dismissed because she did not have a reasonable likelihood of proposing a successful plan and that Nob-Hill would not accept a plan. Dietrich's third case was a Chapter 7 proceeding, which was filed on May 21, 2002. That case was dismissed on August 27, 2002; the bankruptcy court concluded "that its prior dismissal with prejudice barred the debtor from re-filing a case under any chapter of Title 11." The court stated, "Dietrich's chapter 7 petition is dismissed with prejudice to her right to file a petition under any chapter of Title 11."

Dietrich filed a voluntary petition for Chapter 7 bankruptcy proceeding on July 21, 2004, the same date that the circuit court approved the sale of the Piche Property.

This was her <u>fourth</u> bankruptcy petition. At the hearing on the motion to dismiss held before the bankruptcy court, Nob-Hill made several arguments in support of its assertion that the case was filed in bad faith. The court entered an order on the same day granting Nob-Hill's motion to dismiss, thereby dismissing the Chapter 7 bankruptcy case with prejudice. Dietrich then filed a motion for reconsideration, which was denied by the bankruptcy court. Following Dietrich's appeal, the district court affirmed the bankruptcy court's dismissal and its subsequent award of sanctions.[1]

On appeal, we consider whether the bankruptcy court was authorized on August 27, 2002, to dismiss Dietrich's third bankruptcy petition "with prejudice to her right to file a petition under any chapter of Title 11."

## II. DISCUSSION

---

[1]More than three months after entering its judgment on the merits, the district court granted a motion by Dietrich to reopen the time to file an appeal. <u>See</u> Fed. R. App. P. 4(a)(6). Its order granting the motion stated that Dietrich "shall have thirty days to file an appeal." Rule 4(a)(6), however, only permits a district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." <u>Id.</u> We have held that a notice of appeal filed more than fourteen days after a motion to reopen time is granted cannot convey jurisdiction, even if the district court's order erroneously stated that the appellant had more time. <u>Bowles v. Russell</u>, 432 F.3d 668, 669 (6th Cir. 2005), <u>cert.</u> <u>granted</u>, 127 S. Ct. 763 (2006). Fortunately, in this case, Dietrich did not file her notice of appeal more than 14 days after the district court granted her motion.

"This court reviews a bankruptcy court's decision directly, not the district court's review of the bankruptcy decision." In re AMC Mortgage Co., Inc., 213 F.3d 917, 920 (6th Cir. 2000). The bankruptcy court's factual findings are reviewed for clear error, while its conclusions of law are subject to *de novo* review. Id.

Dietrich first contends that the bankruptcy court's August 27, 2002 order lacked the res judicata effect of precluding the discharge of debts in subsequent bankruptcy petitions. That order stated, "Theresita Dietrich's Chapter 7 petition is dismissed with prejudice to her right to file a petition under any Chapter of Title 11. IT IS SO ORDERED." Dietrich believed that only the section 109(g) temporary bar to filing applied, which bars a debtor from re-filing a bankruptcy petition within 180 days if–

> **(1)** the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> **(2)** the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g). Dietrich claims that it is common bankruptcy practice to employ the phrase "dismissed with prejudice" to refer to a temporary bar under section 109(g) to filing another petition. Dietrich claims that the language of dismissal neither prevents her from re-filing a case under any chapter of Title 11, except for the 180-

day period of section 109(g), nor does it permanently bar discharge of certain debts.

Dietrich claims that she never acted in bad faith or abused the bankruptcy system throughout the litigation. Her prior bankruptcies were dismissed based on procedural grounds, not bad faith. Dietrich claims that she never manipulated the process to avoid payment to creditors. She asserts that the usual remedy in cases such as this is the section 109(g) temporary bar.

Dietrich contends that the bankruptcy court's decision to prevent her from filing any bankruptcy case concerning the debts at issue in the third petition for a period in excess of 180 days exceeds the authority granted by sections 349(a) and 109(g) and infringes upon her constitutional rights. Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

Dietrich alleges that interpreting these statutes to allow bankruptcy courts to prohibit future filings for more than 180 days contradicts the plain meaning of section

109(g). Section 105(a) provides in pertinent part, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Dietrich asserts, however, that the broad powers a bankruptcy court has under section 105(a) may not be exercised in a manner that is inconsistent with other more specific provisions of the Bankruptcy Code. She claims that in this case, the bankruptcy court's permanent prohibition against filing a bankruptcy petition, which plainly contradicts the 180-day limitation under section 109(g), cannot be sustained under section 105(a). Dietrich also asserts that interpreting section 349(a) and section 109(g) to allow bankruptcy courts to prohibit future filings for more than 180 days violates the Fifth Amendment's due process and equal protection guarantees.

Nob-Hill contends that the bankruptcy court has the authority to dismiss a case with prejudice for cause. It notes that section 349(a) establishes the general rule that dismissal of a case is without prejudice. Nob-Hill contends, however, the statute expressly grants a bankruptcy court the authority to dismiss the case with prejudice. Nob-Hill notes that although the word "cause" has not been defined by the Bankruptcy Code, "egregious behavior that demonstrates bad faith and prejudices creditors" has generally been required before a bankruptcy court would forever bar a debtor from seeking to discharge debts which were then in existence. In re Leavitt,

209 B.R. 935, 939 (9th Cir. B.A.P. 1997)  (citations omitted).

Nob-Hill next alleges that a number of cases support the authority of the bankruptcy court to dismiss a debtor's case with prejudice to future filings that extends beyond 180 days, among other remedies.  Some of these cases were cited in In re Stump, 280 B.R. 208 (Bankr. S.D. Ohio 2002):

> In re Cooper, 153 B.R. 898, 899-900 (D. Colo. 1993), *aff'd*, 13 F.3d 404 (10th Cir. 1993) (Involved permanent denial of a discharge of debt totaling $65,000); In re Jones, 41 B.R. 263, 267 (Bankr. C.D. Ca. 1984) (Debtor and counsel sanctioned for multiple bankruptcy filings); In re Leavitt, 209 B.R. 935, 941-943 (9th Cir. B.A.P. 1997) (Ninth Circuit B.A.P. concluded that upon finding of cause for dismissal with prejudice future filings could be barred indefinitely), *aff'd* 171 F.3d 1219, 1223 (9th Cir. 1999); In re Geller, 96 B.R. 564, 568-69 (Bankr. E.D. Pa. 1989) (Counsel for debtor sanctioned under F.R.B.P. 9011, six month filing moratorium imposed, and court required prior permission before any new case could be filed); In re Millers, 90 B.R. 567, 568 (Bankr. S.D. Fla. 1988) (Permanent filing bar imposed where multiple filings were commenced with different names and social security numbers); In re Casse, 198 F.3d 327, 339 (2nd Cir. 1999) (The Second Circuit held that bankruptcy courts may impose indefinite bar to refiling in order to allow creditor to complete collection efforts); contra In re Frieouf, 938 F.2d 1099, 1102-1105 (10th Cir. 1991), <u>cert.</u> denied 502 U.S. 1091, 112 S. Ct. 1161, 117 L. Ed.2d 408 (1992) (The Tenth Circuit concluded that the new filings can only be barred for 180 days pursuant to section 109(g) of the Code); In re Weaver, 222 B.R. 521, 522-524 (Bankr. E.D. Va. 1998) (Case dismissed with prejudice and debtor barred from re filing for twelve months.  When debtor filed despite this moratorium, court barred discharge of debt and applicability of the automatic stay); In re Stathatos, 163 B.R. 83, 87-88 (N.D. Tex. 1993) (Serial filing dismissed with prejudice to re filing for two years, and affirmed on appeal by the district court); In re Lerch, 94 B.R. 998, 1001-1002 (N.D. Il. 1989) (Serial chapter 12 dismissed with prejudice to a re-filing for two years).

Id. at 215 n.3.

The Tenth Circuit has read section 349(a) as limiting a bankruptcy court's authority to restrict future filings for more than 180 days. In re Frieouf, 938 F.2d 1099, 1103-04 (10th Cir. 1999). "Interpreting section 349(a) and section 109(g) to allow bankruptcy courts to prohibit future filings for a period greater than 180 days, not only contradicts the statute's plain meaning, but encroaches on the fifth amendment's due process and equal protection guarantees." Id. at 1104. In discussing section 349(a), the Tenth Circuit stated:

> The statute consists of two clauses, separated by a semicolon and addressing two distinct concerns: (1) the discharge in a later case of the particular debts dischargeable in the case dismissed and (2) the much different matter of the filing of any subsequent bankruptcy petition. Furthermore, each clause contains its own qualifying phrase; the discharge clause is modified by the "unless the court, for cause, orders otherwise" language, and the filing clause is modified differently by reference to section 109(g).

Id. at 1103. The court in Frieouf determined that "section 349(a), by its plain language, must be read as allowing a bankruptcy court, 'for cause,' to permanently disqualify a class of debts from discharge, but a bankruptcy court may not deny future access to the bankruptcy court, except under the circumstances of section 109(g)." Id. Any other interpretation is inconsistent with the language and punctuation used

by Congress.  Id.

The Second Circuit has described the Tenth Circuit's construction of the statute as a minority view.  In re Casse, 198 F.3d 327, 336-37 (2d Cir. 1999) (noting "no other circuit has adopted its reading of the Bankruptcy Code, and the Fourth Circuit rejects it, and so do all the lower courts which sit outside the Tenth Circuit.").  Nob-Hill further notes that the Eastern District of Michigan has also declined to follow Frieouf.  That court stated, "This Court declines to follow Frieouf, and in keeping with the majority of the circuits and the case law, concludes that the Bankruptcy Court had the authority to bar future filings in excess of 180 days."  Javens v. Ruskin, 2000 WL 1279189, at *2 (E.D. Mich. 2000); see also In re Grischkan, 320 B.R. 654, 661 (Bankr. N.D. Ohio 2005) (noting that section 349(a) provides a court with authority to sanction a debtor for cause by imposing a bar against re-filing); In re Nixon, 2005 WL 4041245, at *1 (Bankr. S.D. Ohio 2005) (reiterating that the bankruptcy court may in certain circumstances under section 349(a) sanction a debtor beyond the 180-day period).

The court in Javens observed that the Fourth Circuit stated that section 109 was "added to the Bankruptcy Code in 1984 to address the precise abuse of the bankruptcy system at issue here–the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions

as a means of avoiding foreclosure under a mortgage or other security interest."

Javens, 2000 WL 1279189, at *2 (quoting In re Tomlin, 105 F.3d 933, 937 (4th Cir. 1997)).  The Fourth Circuit noted that based on certain language in section 349(a), specifically the clause which states "nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title," some have speculated that the intention of Congress was to eliminate a bankruptcy court's authority to bar permanently the discharge of existing debt.  Tomlin, 105 F.3d at 938 (quoting 11 U.S.C. § 349(a)).  In dismissing this possibility, that court discussed the interplay between section 349 and section 109(g):

> Our analysis of the plain language and statutory scheme of the statute . . . leads us to conclude that § 349 was never intended to limit the bankruptcy court's ability to impose a permanent bar to discharge that would have res judicata effect.  Rather, the language of § 349, as amended, seems to make clear that the court has the power to order such a sanction in circumstances other than those dealt with by new § 109(g).

Tomlin, 105 F.3d at 938 (internal citations and quotations omitted).

The issue of whether the bankruptcy court is authorized to dismiss with prejudice a petition such as the one in this case has not been addressed by this court. We conclude that the plain language of section 349(a) appears to allow a bankruptcy court to dismiss a bankruptcy petition with prejudice, permanently, if there is

sufficient cause. That result is consistent with the decisions of most courts outside of the Tenth Circuit which have addressed the issue.[2]

In dismissing Dietrich's petition with prejudice on August 23, 2004, the bankruptcy court found that she had acted in bad faith and violated that court's August 27, 2002 order dismissing her prior Chapter 7 petition "with prejudice to her right to file a petition under any chapter of title 11." We are unable to conclude that the bankruptcy court committed error in finding that Dietrich acted in bad faith. Dietrich's argument that the bankruptcy court's previous order simply implied a 180-day limit to re-filing her bankruptcy petition is without merit. We conclude that the bankruptcy court was authorized to dismiss with prejudice Dietrich's bankruptcy petition.

---

[2]Bankruptcy courts sometimes have used the phrase "dismissed with prejudice" to refer to the 180-day bar of the *second* clause of section 349(a) rather than the permanent bar authorized by the first clause. See In re Jones, 192 B.R. 289, 291 (Bankr. M.D. Ga. 1996); Jolly v. Great W. Bank (In re Jolly), 143 B.R. 383, 385 (E.D. Va. 1992), aff'd 45 F.3d 426 (4th Cir. 1994); In re Armwood, 175 B.R. 779, 787 (Bankr. N.D. Ga. 1994); In re Hollis, 150 B.R. 145, 147 (D. Md. 1993); In re Standfield, 152 B.R. 528, 539-40 (Bankr. N.D. Ill. 1993); Owings v. Doniff (In re Doniff), 133 B.R. 351, 354 (Bankr. E.D. Va. 1991). While we defer to the bankruptcy court's interpretation of its own prior order, see Zevitz v. Zevitz (In re Zevitz), No. 99-2400, 2000 U.S. App. LEXIS 25283, at *4 (6th Cir. Sept. 20, 2000), we note that much confusion in this litigation could have been avoided had the bankruptcy court addressing Dietrich's third petition stated clearly which bar–the 180-day bar on all filings or the permanent bar on the discharge of existing debt–it meant to apply.

The judgment of the district court is AFFIRMED.