NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0928n.06

Case No. 14-5290

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IN RE: COLLIE ALONZO LAWLESS; SANDRA PURKEY LAWLESS, | ) ) ) | |
| Debtors. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| _____ | ) | THE EASTERN DISTRICT OF |
| COLLIE ALONZO LAWLESS, et al., | ) ) | TENNESSEE |
| Appellants, | ) ) | |
| v. | ) ) | |
| JOHN P. NEWTON, JR., | ) ) | |
| Appellee. | ) | |

O P I N I O N

BEFORE:  SILER, SUTTON, and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge.  Tennessee law generally protects a debtor's assets in a retirement plan from his creditors.  But that protection disappears when the debtor can accelerate his plan's payout to receive payment as a lump sum.  In this Chapter 7 bankruptcy proceeding, the bankruptcy court held that Collie Lawless could not protect his deferred-compensation assets because of his ability to accelerate payment from the plan.  We affirm.

For over thirty-two years, Lawless has worked as an agent at Nationwide Insurance.  In 1986, he executed an Agent's Agreement with Nationwide that is still effective (in amended

form) today. The Agreement enrolled Lawless in the Agent Security Compensation Plan, a non-qualified deferred-compensation plan now authorized by 26 U.S.C. § 409A. Under the Plan, Nationwide credits Lawless's account each year with "Deferred Compensation Incentive Credits," which Lawless cannot access until a qualified cancellation of the Agreement (his death, total and permanent disability, or retirement).

Despite his stable job, Lawless's finances were not in order. On December 27, 2010, he and his wife filed for bankruptcy, putting their property interests into the bankruptcy estate to distribute to creditors. 11 U.S.C. § 541(a). But to help debtors start fresh and ensure they have the "means necessary for their subsistence," *Jones v. Williams*, 32 Tenn. 105, 106 (Tenn. 1852), Tennessee law protects certain assets through its exemptions. Tenn. Code Ann. § 26-2-112.

During the bankruptcy proceedings, Lawless sought to protect his deferred-compensation credits. He claimed that they constitute the "right to receive . . . a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of death, age or length of service" and are thus exempt. § 26-2-111(1)(D). John Newton, the Trustee, objected. Fed. R. Bankr. P. 4003(b). The bankruptcy court sustained the objection, and the district court affirmed. Lawless appealed. Giving fresh review to the bankruptcy court's legal conclusions, *In re AMC Mortgage Co., Inc.*, 213 F.3d 917, 920 (6th Cir. 2000), we must determine whether Lawless may exempt his deferred-compensation credits from the bankruptcy estate.

As Newton now correctly concedes, Lawless's deferred-compensation plan fits the statute's general language. It is a "pension, profitsharing, annuity, or similar plan or contract" payable "on account of death, age or length of service." § 26-2-111(1)(D); *see Rousey v. Jacoway*, 544 U.S. 320, 326–27, 330 (2005) (holding similar plans exempt under the federal analogue). It is thus exempt unless one of the statute's exceptions applies. One does.

The statute disqualifies assets from the exemption when "the debtor *may*, at the debtor's option, accelerate payment so as to receive payment in a lump sum or in periodic payments over a period of sixty (60) months or less." § 26-2-111(1)(D) (emphasis added). Lawless concedes that he *could have* accelerated his payments in this way. Reply Br. 4–5. In 2006, he filled out an "Initial Election Form," which gave him the option to choose a lump-sum payment. But he did not pick that option, and his past choice matters. We determine exemptions as of "[t]he date of the filing of the bankruptcy petition" (here, December 27, 2010). *Walkup v. Covington*, 114 S.W.2d 45, 48 (Tenn. 1938). And we ordinarily construe a statute that uses a present-tense verb like "may . . . accelerate" to not include *past* options. *Carr v. United States*, 560 U.S. 438, 448 (2010). It is not enough, therefore, that Lawless had the *past* option to accelerate payment as a lump sum; he needed a *present* option as of the date of filing to accelerate in that way.

The amended Agent's Agreement gave him that present option. The Agreement allows Lawless to "elect the form in which [his] payments will be made including, but not limited to, a lump sum or as installments." R. 1-7 at 46 (section 11(d)(3)(B)). He initially elected to receive equal annual installment payments over ten years. *Id.* at 62. But he may "change [the] election for the time or form of payment" "at any time prior to the cancellation of [his] agreement" so long as his request is received "in writing." *Id.* at 46 (section 11(d)(3)(D)). And although previous versions of section 11(d)(3) restricted him from choosing a lump-sum payment after the initial election, *id.* at 39–40 (1987 version), the 2009 amendment—which "delete[s]" the previous versions "in [their] entirety"—makes no such restriction. *Id.* at 46. By implication, Lawless had the option as of the date of filing to elect a lump-sum payment even though he did not choose that option initially. That option disqualifies his assets from the Tennessee

exemption because, simply, Lawless "may . . . accelerate payment so as to receive payment in a lump sum." § 26-2-111(1)(D).

The statute's context bolsters this reading. Immediately preceding the sentence about lump-sum payments being disqualified, the statute makes clear that a plan's assets "are exempt only to the extent that the debtor has no right or option to receive them except as monthly or other periodic payments beginning at or after age fifty-eight." *Id.* The converse of receiving payments "as monthly or other periodic payments" is what the statute goes on to explicitly disqualify: lump-sum payments. Whenever a debtor may receive a lump-sum payment as of the date of filing, therefore, his assets enter the bankruptcy estate.

Courts reviewing similar plans have reached a similar result. Where an employee could receive a lump-sum payment upon retirement, for example, his assets were not exempt, even though he "had not [yet] made an election as to a method of distribution." *In re Clark*, 18 B.R. 824, 827 (Bankr. E.D. Tenn. 1982); *see In re Elsea*, 47 B.R. 142, 145–46 (Bankr. E.D. Tenn. 1985) (same for lump sum one year after retirement). Ditto for the debtor who could receive "a lump sum payment . . . on the voluntary termination of his employment." *In re Cassada*, 86 B.R. 541, 543 (Bankr. E.D. Tenn. 1988). And so too for Lawless, who may elect to receive his full account balance as a lump-sum payment. His assets are not exempt.

Against that plain reading, Lawless injects a complexity. He argues that Internal Revenue Code section 409A changes the case. Abiding by that section, his plan mandates that for a change in the initial election for post-2004 assets "to become effective, [Lawless] must submit the [written] change . . . at least twelve months before a separation from service occurs." R. 1-7 at 29. Then, after the year, payout on the post-2004 assets "will not commence until *five years* after the distribution under the prior election would have occurred" if Lawless would

retire. *Id.* (emphasis added); *see* 26 U.S.C. § 409A(a)(3); 26 C.F.R. § 1.409A-2(b)(1)(ii). Since his current election's distribution is set to occur "within 60 days following the [qualified] cancellation," R. 1-7 at 62, acceleration of his $86,420.21 in post-2004 credits would occur "within 60 days" *plus* five years (the deferral)—or sixty-two months—following Lawless's retirement. Appellants' Br. 27. So Lawless says that he may *not* in fact accelerate payment to receive it "over a period of sixty (60) months or less." § 26-2-111(1)(D).

True, but that complexity does not change our conclusion. Because Lawless had the option on the date of filing to elect a *lump-sum* payment, his assets are unqualified for the exemption—even though the lump-sum payment would not occur until over five years after retirement. Recall that the acceleration exception disqualifies assets that

> the debtor may, at the debtor's option, accelerate payment [on] so as to receive payment in a lump sum or in periodic payments over a period of sixty (60) months or less.

§ 26-2-111(1)(D). Lawless's argument turns on what the phrase "period of sixty (60) months or less" modifies. He says it modifies either form of payment—periodic or lump sum—such that a lump-sum payment received six years after retirement would fall outside of the exception.

But that reading distorts the statute's plain language. Naturally read, the period of sixty months or less modifies only "periodic payments," not "a lump sum." *Id.* For we don't naturally speak of receiving payment in "a lump sum . . . over a period" of time. Rather, a lump sum inherently comes at *one* time—not over "a period." A lump-sum payment received at any time—even five years and a day after retirement—thus fits within the statute's language.

His reading also neglects the statute's structure. The specific exception for "periodic payments" disqualifies assets that can be received over a period of sixty months or less *independent of* assets that can be received as a lump-sum payment. And a third part of the

statute's acceleration exception separately disqualifies assets that the debtor may access before "age fifty-eight." *Id.* According to the only Tennessee appellate court to review the issue, these three parts show that the legislature "intended to limit the exemption to retirement plans that cannot . . . be accessed by the debtor before 58-years of age, as a lump sum, or accelerated such that payments may be received over a period of 60 months or fewer." *Massey v. Casals*, No. W2010-00284-COA-R3-JV, 2011 WL 1734066, at *9 (Tenn. Ct. App. May 3, 2011). In all, then, the acceleration exception disqualifies *three* independent types of acceleration: (1) payment before fifty-eight; (2) payment as a lump sum; and (3) payment as periodic payments over a period of sixty months or less. Lawless at least meets one type of acceleration: payment as a lump sum.

Because the "plain language of the provision read in the context of the entire statutory scheme . . . yield[s] a clear interpretation," "we must conclude our inquiry there." *Storey v. Bradford Furniture Co.*, 910 S.W.2d 857, 859 (Tenn. 1995). Lawless's plan gives him the present option to "accelerate payment so as to receive payment in a lump sum." § 26-2-111(1)(D). His assets accordingly fall within the acceleration exception; the bankruptcy court correctly ruled that they are not exempt.

For these reasons, we affirm.